IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIKA E. VAIL, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>LINEAGE LOGISTICS LLC, A LIMITED LIABILITY COMPANY LINEAGE LOGISTICS SERVICES LLC, A LIMITED LIABILITY COMPANY, LINEAGE LOGISTICS PFS, LLC, A LIMITED LIABILITY COMPANY;<br><br>          Defendants | Case No.:<br><br>COMPLAINT FOR DAMAGES AND JURY DEMAND |

COMES NOW Plaintiff, Ms. Erika Vail ("Plaintiff"), by and through her undersigned

attorneys, and alleges as follows:

## I.      <u>INTRODUCTION</u>

1.1     Plaintiff alleges complaints against Defendant, Lineage Logistic LLC, Lineage Logistics

Services LLC, and Lineage Logistics PFS, LLC, (hereinafter collectively referred to as

"LL" or "Defendants"), for discrimination based on sex, hostile working environment,

COMPLAINT FOR DAMAGES AND JURY DEMAND - 1   Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

1   and retaliation under Title VII of the Civil Rights Act of 1964 as well as Washington's

2   Law Against Discrimination, RCW 49.60 *et seq*.

3   ## II.   <u>PARTIES</u>

4   2.1   Plaintiff is an individual formerly residing in Leavenworth, Washington, formerly

5   employed by Defendants.

6   2.2   Plaintiff was employed by Defendants in Washington State at all relevant times.

7   2.3   Defendant Lineage Logistics LLC is a limited liability company doing business in the

8   State of Washington and duly registered and licensed with the State of Washington.

9   2.4   Defendant Lineage Logistics Services LLC is a limited liability company doing business

10   in the State of Washington and duly registered and licensed with the State of Washington.

11   2.5   Defendant Lineage Logistics PFS LLC is a limited liability company doing business in

12   the State of Washington and duly registered and licensed with the State of Washington.

13   2.6   Defendants' jurisdiction is in Washington.

14   ## III.   <u>JURISDICTION AND VENUE</u>

15   3.1   Jurisdiction and venue are proper as all alleged acts took place in the State of

16   Washington.

17   3.2   Venue is proper under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment

18   practices have been committed in the State of Washington.

19   3.3   On November 15, 2022, Plaintiff filed a complaint with the Equal Employment

20   Opportunity Commission ("EEOC") alleging that she was subjected to discrimination,

21   harassment, retaliation, and wrongful discharge by Defendants.

22   3.4   On November15, 2022, the EEOC issued Plaintiff Charge No. 551-2023-00240.

23

24

25

COMPLAINT FOR DAMAGES AND JURY DEMAND - 2   Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

1    3.5    On November 15, 2022, the EEOC issued a "Notice of Right to Sue" to Plaintiff.

2    3.6    The EEOC's "Notice of Right to Sue" states that Plaintiff's "Lawsuit under Title VII, the

3           ADA or GINA **must be filed in federal court or state court <u>WITHIN 90 days </u>of your**

4           **receipt of this notice**; or your right to sue based on this charge will be lost."

5    3.7    Plaintiff received the EEOC's "Notice of Right to Sue" on or about November 15, 2022.

6    3.8    Plaintiff's legal action and legal claims against Defendant are therefore ripe to be heard

7           before this court pursuant to 5 U.S.C. § 7702(b)(2) and 42 U.S.C. § 2000e, *et seq*.

8                                    **IV.    <u>FACTS</u>**

9        **A. Plaintiff's Background**

10   4.1    Plaintiff is a female.

11   4.2    Defendants hired and employed Ms. Vail in August 2022 to serve as a Warehouse

12          generalist and forklift operator.

13   4.3    Defendants employed Ms. Vail and directed her to work at its physical facility located in

14          Quincy, Washington, 98848.

15   4.4    On or around September 1, 2022, Ms. Vail requested a transfer to Defendants' warehouse

16          facility located in Omaha, Nebraska.

17   4.5    Defendants did not grant Ms. Vail's request for a transfer.

18   4.6    On Friday September 16, 2022, one of Ms. Vail's co-workers, Mr. Paul Malcolm

19          (hereinafter "Malcolm") asked her to have lunch with him at around 7:00 PM.

20   4.7    Ms. Vail was concerned that Malcolm was trying to start a personal or romantic

21          relationship.

22

23   COMPLAINT FOR DAMAGES AND JURY DEMAND - 3   Dethlefs Sparwasser Reich Dickerson, PLLC
                                                          100 Second Avenue S., Suite 190
24                                                               Edmonds, WA 98020
                                                    Ph: (425) 776-1352 Fax: (425) 776-2467
25

1    4.8    Accordingly, Ms. Vail informed Malcolm that she was not interested in having any

2    romantic relationship with him.

3    4.9    Malcolm assured Ms. Vail that it was not his intention to start a romantic relationship

4    with her, but that he still wanted to have lunch as professional peers.

5    4.10    Malcolm then offered to drive the two of them to eat lunch.

6    4.11    Ms. Vail accepted this offer.

7    4.12    While driving in Malcolm's vehicle to get lunch, Ms. Vail expected him to drive toward

8    Quincy.

9    4.13    Malcolm began to drive away from Quincy.

10    4.14    Ms. Vail was unfamiliar with the area and assumed Malcolm was driving to a gas station.

11    4.15    Malcolm then drove off the main road, onto a dirt road, and stopped the vehicle.

12    4.16    Ms. Vail exited the vehicle to take a picture of the sunset.

13    4.17    Malcolm also exited the vehicle and then attempted to kiss Ms. Vail.

14    4.18    Ms. Vail resisted and asked Malcolm to drive them back to work.

15    4.19    Malcolm refused.

16    4.20    Malcolm then then ripped off Ms. Vail's pants and raped her.

17    4.21    Malcolm ejaculated inside of Ms. Vail and then returned to his vehicle.

18    4.22    Having no other way to get back to her own car and fearing for her safety, Ms. Vail also

19    returned to Malcom's vehicle.

20    4.23    Malcolm then drove Ms. Vail back to work, dropped her off at Defendant's Quincy

21    facility, and drove away.

22

COMPLAINT FOR DAMAGES AND JURY DEMAND - 4    Dethlefs Sparwasser Reich Dickerson, PLLC
23                                                                          100 Second Avenue S., Suite 190
                                                                          Edmonds, WA 98020
24                                                                          Ph: (425) 776-1352 Fax: (425) 776-2467

25

1

4.24    Ms. Vail texted Malcolm and informed that: "Honestly, I didn't like that. I told you no

2       and you didn't listen. I even warned you before I didn't want to do anything and you

3       blatantly ignored my wishes."

4       4.25    Ms. Vail then texted Malcolm and said: "I don't want to hear from you again."

5       4.26    Upon returning to Defendants' facility, Ms. Vail immediately reported that Malcolm had

6       just raped her.

7       4.27    Ms. Vail reported this information to supervisors Jose and Angel.

8       4.28    Ms. Vail then called the Grant County Sheriff from Defendants' shipping office.

9       4.29    Later that evening, Ms. Vail was interviewed at the local police station.

10      4.30    Later that evening, Ms. Vail provided samples for a rape kit at Good Samaritan Hospital

11      located in Moses Lake, WA.

12      4.31    On Monday September 19, 2022, Ms. Vail provided a statement to Defendants' Human

13      Resources department in the presence of Defendants' general manager for the Quincy

14      warehouse.

15      4.32    On Wednesday, September 21, 2022, Defendants informed Ms. Vail that it had

16      investigated her report of rape.

17      4.33    Defendants informed Ms. Vail that Malcolm was being allowed to return to work

18      immediately.

19      4.34    Defendants informed Ms. Vail that if she would like to avoid Malcolm while at work, she

20      would need to request a change in her work schedule.

21      4.35    Defendants did not offer Ms. Vail any other alternative to continue her employment with

22      the company.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 5    Dethlefs Sparwasser Reich Dickerson, PLLC
                                              100 Second Avenue S., Suite 190
23                                            Edmonds, WA 98020
24                                            Ph: (425) 776-1352 Fax: (425) 776-2467

25

4.36   Defendants took these actions without contacting local law enforcement.

4.37   At no time did Defendants attempt to obtain information from officers or officials at the Grant County Sheriff's Office.

4.38   At no time did Defendants attempt to obtain information from officers or officials at the Grant County Prosecutor's Office.

4.39   Defendants did not provide any further explanation to Ms. Vail.

4.40   Defendants did not provide Ms. Vail with a report of its investigation.

4.41   Defendants did not provide Ms. Vail with any conclusions reached by the company as a result of its investigation.

4.42   Ms. Vail did not feel safe working anywhere near Malcolm.

4.43   Accordingly, Ms. Vail's employment with Defendants was separated by virtue of this meeting which occurred on September 21, 2022.

4.44   Defendants failed to protect Ms. Vail.

4.45   Defendants failed to properly investigate Ms. Vail's report of rape and sexual assault.

4.46   Defendants refused to believe Ms. Vail's report of rape and sexual assault.

4.47   Defendants did not discipline Malcolm for raping Ms. Vail.

4.48   Defendants did not terminate Malcolm for raping Ms. Vail.

4.49   Defendants did not reprimand Malcolm for raping Ms. Vail.

4.50   Defendants did not suspend Malcolm for raping Ms. Vail.

4.51   Defendants failed to protect Ms. Vail by allowing Malcolm to return to work at the same facility as Ms. Vail.

4.52   Defendants failed to protect Ms. Vail by allowing Malcolm to return to work in close proximity to Ms. Vail.

4.53   Defendants failed to protect Ms. Vail by refusing to offer her any alternatives to working at the same facility as Malcolm.

4.54   Defendants punished Ms. Vail because she reported unlawful actions by Malcolm.

4.55   As a direct result of what occurred on September 16 and 21, 2022, Ms. Vail has required ongoing medical treatment.

4.56   As a direct result of what occurred on September 16 and 21, 2022, Ms. Vail was diagnosed with anxiety and depression.

4.57   As a direct result of what occurred on September 16 and 21, 2022, Ms. Vail has suffered from severe mental and emotional distress.

4.58   As a direct result of what occurred on September 16 and 21, 2022, Ms. Vail has experienced significant and ongoing physical manifestations of mental and emotional distress.

4.59   As a direct result of what occurred on September 16 and 21, 2022, Ms. Vail has suffered harm, injuries, and damages.

4.60   As a direct result of what occurred on September 16 and 21, 2022, Ms. Vail has suffered economic loss and injury.

4.61   As a direct result of what occurred on September 16 and 21, 2022, Ms. Vail has suffered injury and harm to her reputation.

4.62   Defendants' actions amounted to, at a minimum, a hostile work environment, retaliation, harassment, discrimination on the basis of sex, and wrongful termination.

Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

# V.   CAUSES OF ACTION

## FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION

**(Hostile Work Environment, Disparate Treatment, and Wrongful Termination Based on Sex and/or Gender in Violation of Title VII and the Washington Law Against Discrimination, RCW 49.60 *et seq*)**

5.1   Ms. Vail incorporates and realleges all paragraphs as if fully set forth herein.

5.2   Ms. Vail is female.

5.3   Ms. Vail was qualified for the position(s) she held while employed by Defendants.

5.4   At all relevant times, Ms. Vail performed her job duties at a satisfactory level, or above.

5.5   Ms. Vail was targeted for rape and sexual assault by Malcolm because of her sex and gender as a female.

5.6   Malcolm raped and sexually assaulted Ms. Vail because she is female.

5.7   Malcolm's rape and sexual assault was not welcome by Ms. Vail.

5.8   Malcolm's rape and sexual assault caused Ms. Vail to suffer extremely severe harm and injury.

5.9   Malcolm's rape substantially altered the terms and conditions of Ms. Vail's employment with Defendants.

5.10   Ms. Vail reported Malcom's rape and sexual assault to several of Defendants' managers, including human resources and the General Manager for the Quincy warehouse location.

5.11   In response to Ms. Vail's report, Defendants failed to conduct an adequate investigation.

5.12   In response to Ms. Vail's report, Defendants failed to protect Ms. Vail.

5.13   In response to Ms. Vail's report, Defendants refused to believe Ms. Vail.

5.14   In response to Ms. Vail's report, Defendants informed Ms. Vail that she would be required to work at the same facility as Malcolm.

5.15   In response to Ms. Vail's report, Defendants informed Ms. Vail that her only other option was to request a change to her work schedule.

5.16   Defendants required Plaintiff to perform her duties in an environment that was hostile, offensive, and discriminatory to her as a female employee.

5.17   Defendants' actions substantially impacted and interfered with the terms and conditions of Plaintiff's employment.

5.18   Defendants failed to take prompt and effective remedial action reasonably calculated to protect Ms. Vail.

5.19   Defendants subjected Plaintiff to adverse treatment when Defendants forced Plaintiff to work in a hostile work environment because of Plaintiff's sex and gender as a female.

5.20   Defendants' conduct in this regard was offensive Ms. Vail and pervaded her work environment.

5.21   Defendants' conduct in this regard negatively impacted the terms and conditions of Ms. Vail's employment.

5.22   Defendants are liable for Malcolm's conduct because they were aware of the unwelcome, offensive, and severe acts of harassment and discrimination perpetrated by Malcolm.

5.23   Defendants are liable for Malcolm's conduct because they failed to take prompt and effective remedial action to protect Ms. Vail from the unwelcome, offensive, and severe harassment perpetrated by Malcolm.

5.24   Defendants wrongfully terminated Plaintiff's employment.

Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

5.25   Defendant imposed adverse actions against Plaintiff because of her gender and/or sex.

5.26   Defendants' actions caused Plaintiff to suffer significant and irreparable injury and/or damages.

5.27   On multiple occasions, Plaintiff engage in protected activities.

5.28   Plaintiff's protected activities included reporting the sexual assault and rape perpetrated by Malcolm.

5.29   Plaintiff's protected activities included reporting sexual assault and rape to her superiors.

5.30   Defendants treated Plaintiff less favorably in the terms and conditions of her employment as compared to peers, colleagues, and managers who did not engage in protected activities.

5.31   Defendants required Plaintiff to work with Malcolm after she reported his sexual assault and rape.

5.32   Defendants' actions caused Plaintiff to suffer significant and irreparable injury and/or damages.

5.33   As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered damages in an amount to be proven at trial, including but not limited to, lost and/or diminished compensation, lost and/or diminished earning capacity, lost and/or diminished back pay, lost and/or diminished front pay, lost and/or diminished medical benefits, lost and/or diminished retirement benefits, lost and/or diminished employment benefits, reputational injury, humiliation, emotional distress, loss of enjoyment of life, pain and suffering, punitive damages, costs of suit, attorneys' fees, and costs, as well as pre- and post-judgment interest

COMPLAINT FOR DAMAGES AND JURY DEMAND - 10 Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

## VI.   JURY DEMAND

6.1.1   Plaintiff hereby requests a jury of 8 or 12 persons to determine all issues of fact raised herein.

## VII.   DAMAGES

7.1   Defendant's violations of the law, described above and incorporated, proximately caused Plaintiff's damages, including but not limited to lost wages and benefits, loss of front pay, loss of back pay, loss of retirement benefits, loss of medical benefits, loss of fringe benefits, loss of earning capacity, negative tax impacts, and other economic losses, and emotional harm, including but not limited to the natural human emotions of distress, loss of enjoyment of life, humiliation, reputational damages, pain and suffering, personal indignity, embarrassment, fear, anxiety, and anguish, experienced and with reasonable probability of experience in the future, attorneys' fees, costs, interest, and other general, economic, statutory, exemplary, punitive and similar damages.

## VIII.   PRAYER FOR RELIEF

WHEREFORE: Plaintiff prays for relief as follows:

8.1   A jury trial to determine all issues of fact.

8.2   An order, verdict, and/or award declaring Defendants discriminated and retaliated against Plaintiff based on sex;

8.3   An order, verdict, and/or award disciplining or terminating Defendants' employees who retaliated, discriminated, and harassed Plaintiff;

8.4   Damages for back pay, front pay, lost benefits, and all other economic losses proximately caused by Defendants;

COMPLAINT FOR DAMAGES AND JURY DEMAND - 11 Dethlefs Sparwasser Reich Dickerson, PLLC
100 Second Avenue S., Suite 190
Edmonds, WA 98020
Ph: (425) 776-1352 Fax: (425) 776-2467

8.5     Damages for pain and suffering, mental anguish, emotional distress, and humiliation;

8.6     For an award of punitive damages authorized by Title VII;

8.7     For an award of statutory and exemplary damages pursuant to Title VII, RCW 49.60 *et seq*., and similar applicable law;

8.8     For and all other damages authorized by Title VII, RCW 49.60 *et seq*., and similar applicable law;

8.9     Prejudgment interest in an amount to be proved at trial;

8.10    Reasonable attorney's fees and costs; and

8.11    Whatever further and additional relief the court shall deem just and equitable.

8.12    An offset for the adverse tax consequences of the judgment.

8.13    The right to Amend the Complaint to the proof offered at trial.


        Dated this December 15, 2022.


                        DETHLEFS SPARWASSER REICH
                         DICKERSON, PLLC


                        By:  _s/ MARK K. DAVIS_____
                             Mark K. Davis, WSBA #38713
                             Ryan McGowan, WSBA #57670
                             100 Second Avenue S., Ste. 190
                             Edmonds, WA 98020
                             Ph: 425-776-1352
                             Fx: 425-776-2467
                             mark@detsparlaw.com
                             ryan@detsparlaw.com
                             **Attorneys for Plaintiff**